# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2011

No. 10-51015
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JESUS CERVANTES-RANGEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1517-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Jesus Cervantes-Rangel (Cervantes) appeals the 57-month sentence imposed following his guilty plea conviction for being found illegally in the United States following removal. He contends that the within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was, therefore, substantively unreasonable. Cervantes specifically argues that U.S.S.G. § 2L1.2 is not empirically based and the guidelines sentence does not merit a presumption of reasonableness. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintains that his offense constitutes a mere international trespass and that the guidelines range failed to reflect his personal history and characteristics, including his benign motive for reentering the United States (to pay his respects to his deceased girlfriend of many years) and the age of his prior drug convictions.[1]

This court reviews the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as in this case, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

The contention that a defendant is entitled to relief because § 2L1.2 is not supported by empirical data has been rejected by this court. *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). This court has also determined that the "international trespass" argument raised by Cervantes does not justify disturbing an otherwise presumptively reasonable sentence. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The sentencing transcript reveals that the district court carefully made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010); *Newson*, 515 F.3d at 379. We see no reason to disturb the district court's

---

[1] Cervantes further asserts that his sentencing range was unreasonable because the district court did not consider the unwarranted sentencing disparity between defendants sentenced in the Western District of Texas, which does not have a fast track program, and defendants sentenced in districts that do have such a program. However, he concedes that this issue is foreclosed by our precedent. *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008).

discretionary decision to impose a sentence within the guidelines range. Consequently, the judgment of the district court is AFFIRMED.